DORIS JEAN HUFF *et al.*, Plaintiffs-Appellants, v. H. R. HADDEN *et al.*,
Defendants-Appellees.

Fourth District   No. 4—87—0165

Opinion filed September 3, 1987.

David V. Dorris, of Jerome Mirza & Associates, Ltd., of Bloomington, for appellants.

Stephen O. Willoughby and Wendy L. Morthland, both of Willoughby & Latshaw, P.C., of Decatur, for appellees.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

Plaintiffs filed a medical malpractice suit for injuries sustained when plaintiff, Doris Jean Huff, was treated by defendant podiatrists, H. R. Hadden and J. L. McLaughlin. Both defendants moved to dismiss the complaint on the ground that no written report from a reviewing health professional had been attached to the complaint as required by the applicable statute. The trial court sustained defendants' motions on that basis and dismissed the complaint with prejudice. Plaintiffs filed motions to reconsider and a motion to amend their complaint, all of which were denied. Plaintiffs appeal these decisions. This appeal raises a question as to the sufficiency of the complaint to withstand a motion to dismiss with prejudice.

Plaintiffs filed suit in the circuit court of McLean County on June 2, 1986, for injuries plaintiff Doris Jean Huff allegedly suffered as a result of the malpractice of defendant podiatrists, H. R. Hadden and

J. L. McLaughlin. Attached to the complaint at the time of filing was the affidavit of attorney Michael L. Hanley, attesting that he had consulted with a licensed podiatrist who held the opinion that the defendants' treatment fell below reasonable medical standards of care and caused a disabling injury to Mrs. Huff's feet. The affidavit further stated the treatment which allegedly violated the standard of care. On June 3, 1986, plaintiffs filed another affidavit, identical to the one submitted with the complaint but with a handwritten notation purportedly made by a podiatrist to the effect that he concurred in the statements set forth in the affidavit.

On September 26, 1986, defendant Hadden filed a motion to dismiss the complaint on the ground that it did not meet the requirements of section 2—622 of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622). On October 2, 1986, defendant McLaughlin filed a similar motion to dismiss. Following a hearing on these motions on December 9, 1986, the court entered an order dismissing the complaint *in toto* with prejudice, pursuant to section 2—619 of the Code. Ill. Rev. Stat. 1985, ch. 110, par. 2—619.

On December 24, 1986, the plaintiffs filed a motion to reconsider the order, alleging that the statute of limitations did not begin to run in this case until May 6, 1986, the date the alleged malpractice was discovered, and not, as the complaint stated, on June 1, 1984, the date the alleged substandard treatment was administered. In addition, plaintiffs filed a motion for leave to amend the complaint on January 27, 1987, requesting permission to correct the dates above and to submit a medical report which comported with the standards of the statute.

On January 29, 1987, defendant McLaughlin filed his objection to the plaintiffs' motion to reconsider, claiming the court's order dismissing the complaint with prejudice was not based on the running of the statute of limitations, but on failure of the plaintiffs to comply with the requirements for pleading a malpractice case. Both defendants also filed motions to strike plaintiffs' motion for leave to amend the complaint, arguing that the court's dismissal with prejudice effectively precluded the plaintiffs from amending the complaint. Plaintiffs then filed a motion for leave to supplement their motion for leave to amend by substituting an attached amended complaint.

On February 7, 1987, the court entered its order denying plaintiffs' motion to reconsider and granting defendants' motion to strike plaintiffs' motion to amend the complaint. Another motion to reconsider was filed by the plaintiffs on February 17, 1987. This motion was argued and denied. Plaintiffs filed a timely notice of appeal on

March 4, 1987.

On appeal, plaintiffs argue that the trial court erred in granting defendants' motion to dismiss with prejudice for plaintiffs' failure to attach a medical report to the complaint at the time it was filed. Section 2—622 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) provides, in pertinent part:

"Sec. 2—622. Healing art malpractice. (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action and who practices in the same specialty as the defendant if the defendant is a specialist; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. If the affidavit is filed as to a defendant who is a physician licensed to treat human ailments without the use of drugs or medicines and without operative surgery, a dentist, a podiatrist, or a psychologist, the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant. For affidavits filed as to all other defendants, the written report must be from a physician licensed to practice medicine in all its branches. In either event, the affidavit must identify the profession of the reviewing health professional. A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached.

* * *

(b) Where a certificate and written report are required pur-

suant to this Section a separate certificate and written report shall be filed as to each defendant who has been named in the complaint and shall be filed as to each defendant named at a later time.

* * *

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619."

Plaintiffs in the instant case complied with the affidavit requirement; however, they failed to comply with the requirement that a copy of a written medical report "must be attached to the affidavit." Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).

The authority to dismiss a complaint with prejudice pursuant to section 2—619 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) is found in section 2—622(g). This provision states that "failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." The narrow issue in the instant case is whether the term "certificate," as used in the aforementioned statute, consists solely of the attorney's affidavit, as argued by plaintiffs, or whether the term "certificate" encompasses both the affidavit and the medical report.

Plaintiffs argue that the words "certificate" and "affidavit," as used in the aforementioned statute, are synonymous, and that both terms refer to the document submitted by the attorney. As plaintiffs point out, the phrase "certificate *and* written report" (emphasis added) is used four times in the statute. Plaintiffs also cite *Kay-Vee Realty Co. v. Town Clerk* (1969), 355 Mass. 165, 168, 243 N.E.2d 813, 815, for the proposition that the common meaning of the word "certificate" is a written assurance or official representation that some act has or has not been done, or some event occurred, or some legal formality has been complied with. Black's Law Dictionary defines "certificate" as:

"A written assurance, or official representation, that some act has or has not been done, or some event occurred, or some legal formality has been complied with. *** A statement of some fact in a writing signed by the party certifying. A declaration in writing." Black's Law Dictionary 205 (5th ed. 1979).

Plaintiffs also point out that the legislative purpose of the aforementioned provisions is to provide sanctions for attorneys who file specious lawsuits against health professionals and that the reviewing health professional is granted civil immunity from liability which might result from the preparation of the report. Based on this disparity, plaintiffs argue that "it becomes readily apparent that it is the af-

fidavit of the attorney which is to be closely monitored by the courts, not the medical report."

In response to plaintiffs' arguments, defendants first point out the mandatory language of the relevant provision, *i.e.*, that "[a] copy of the written report *** *must* be attached to the affidavit." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622.) Defendants then argue that without the written report by the reviewing health professional being attached to the affidavit, the affidavit itself is not in compliance with the statute. The crux of defendants' argument is that "the medical report is a necessary part of the affidavit." This is in direct contrast to plaintiffs' argument that the medical report and the affidavit or certificate are totally distinct documents.

Defendants also argue that one of the purposes behind the statute in question, in addition to preventing attorneys from filing specious lawsuits, is to assure that a health professional has thoroughly reviewed the case and believes that a reasonable and meritorious cause for filing suit exists. Defendants point out that the requirement for a written medical report places additional safeguards and limits on the filing of lawsuits.

█ █ We reluctantly agree with plaintiffs' arguments in this case. Although the legislature may very well have intended to provide sanctions for failure to attach a copy of the medical report to a medical malpractice complaint, the plain language of section 2—622 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) does not manifest this intent. We interpret the word "certificate," as used in the statute in question, to be synonymous with the word "affidavit," as used in the same statute. By using the phrase "certificate *and* written report" (emphasis added), the legislature has expressly set up a distinction between the certificate or affidavit and the medical report. Although the legislature clearly intended to require attorneys to file the medical report with the affidavit and complaint, they failed to provide any sanctions for failure to file a medical report. In determining legislative intent, courts should first consider the statutory language. (*People v. Boykin* (1983), 94 Ill. 2d 138, 141, 445 N.E.2d 1174, 1175.) It is not for the courts to amend or change the law under the guise of construction. (*Koeppel v. Ives* (1982), 92 Ill. 2d 523, 526, 442 N.E.2d 176, 177.) Since the relevant statute does not specifically provide for dismissal with prejudice for failure to file a medical report with the complaint and affidavit in a medical malpractice case, we conclude that the circuit court had no authority to dismiss plaintiffs' complaint with prejudice without reasonable leave to amend the complaint to conform to the relevant statute. Consequently, we hereby reverse and remand

this case to allow plaintiffs to file an amended complaint.

We are concerned that our interpretation of section 2—622 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) leads to an undesirable situation where an attorney filing a medical malpractice claim would have an opportunity to perpetrate a fraud on the courts. We also note that the Third District of the Appellate Court, in *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 509 N.E.2d 804, has decided that even failure to file the affidavit required by section 2—622 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) does not mandate dismissal of the complaint with prejudice pursuant to section 2—619 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), stating that failure to file the affidavit was merely a technical deficiency in the pleading. (See *Martin v. Masini* (1967), 90 Ill. App. 2d 348, 232 N.E.2d 770.) Our opinion in this case, combined with the Third District's opinion in *Walter*, effectively eliminates all additional sanctions contained in section 2—622 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) for failure to file the affidavit and medical report. We therefore respectfully recommend to the legislature that if they intend to provide for dismissal of medical malpractice complaints with prejudice for failure to file the affidavit and/or the medical report, they should amend section 2—622 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) to clearly manifest this intent.

We note that nothing in this opinion would preclude the trial court from dismissing the deficient complaint which was filed in this case pursuant to section 2—615 of the Code. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) The court could also order the attorney who filed the affidavit to file the written report within a very limited time. Since the attorney has already sworn through his affidavit that he has such a written medical report in his possession, compliance with this order should not be a problem. If the attorney fails to comply with the court's order, the court would of course have available a variety of sanctions which could then be imposed.

Reversed and remanded.

GREEN and McCULLOUGH, JJ., concur.