DENNIS R. MIZELL, Plaintiff-Appellee, v. THOMAS C. PASSO, Defendant-Appellant.

Fourth District   No. 4—89—0436

Opinion filed December 21, 1989.

McCULLOUGH, J., dissenting.

Richard F. Record, Jr., and Richard C. Hayden, both of Craig & Craig, of Mattoon, and Mark P. Henss and Todd M. Tennant, both of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellant.

James A. Martinkus, of Erwin, Martinkus, Cole & Ansel, of Champaign, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Dennis R. Mizell, the plaintiff, brought this medical malpractice action against Thomas C. Passo, M.D., the defendant. At a hearing on several pretrial motions filed by both plaintiff and defendant, the circuit court granted plaintiff's motion for voluntary dismissal without first hearing defendant's previously filed motion for judgment. On appeal, defendant argues that (1) the circuit court committed reversible error in granting plaintiff's motion for voluntary dismissal over defendant's previously filed motion for judgment, (2) plaintiff violated Rule IV of the Uniform Rules of Practice Governing Civil Cases of the Fifth Judicial Circuit of Illinois (Rules of Practice of the Circuit Court, Fifth Judicial Circuit, Rule IV, at 7-9 (1977)) by failing to give notice of the filing and presentation of his motion for voluntary dismissal, and (3) the circuit court committed reversible error in granting plaintiff's motion for voluntary dismissal without requiring the payment of costs.

We vacate the granting of plaintiff's motion for voluntary dismissal and remand for further proceedings consistent with this opinion.

On May 27, 1988, plaintiff filed a healing art malpractice claim against defendant. Attached to the complaint was an affidavit of plaintiff's attorney stating that plaintiff had been unable to obtain the written report of a reviewing health professional as required by paragraph one of section 2—622 of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—622).

Forty-five days later, plaintiff filed a motion to waive the section 2—622 requirement. In his motion, plaintiff requested that the court

relieve him from complying with section 2—622 or, in the alternative, allow him to procure the required affidavit within 90 days of the date of denial of the motion. At the same time, plaintiff sent a notice of hearing for August 19, 1988, and a notice of deposition of defendant to take place on August 24, 1988.

On August 15, 1988, defendant filed a motion for protective order, requesting that the court stay discovery until plaintiff complied with section 2—622. Defendant also sent a notice of hearing for August 19, 1988. On August 18, 1988, defendant filed a response to plaintiff's motion to waive section 2—622, maintaining that the affidavit and report requirements of section 2—622 are mandatory and cannot be waived.

On August 19, 1988, the parties appeared at the hearing as scheduled. The docket entry made at that time indicates that the court denied plaintiff's motion to waive section 2—622, but allowed an additional 90 days to procure the report. The court also entered an order staying discovery until plaintiff filed the report.

Ninety days later, on November 18, 1988, plaintiff filed a motion for a continuance to obtain a written report to attach to the affidavit demonstrating that plaintiff's attorney had consulted with a reviewing health professional about plaintiff's case. Plaintiff, however, did not request a hearing on the motion at that time.

On February 15, 1989, defendant filed a motion for judgment and sent a notice of hearing on that motion, showing that a hearing was scheduled on February 22, 1989. In that motion, defendant prayed for relief based on plaintiff's failure to comply with section 2—622. A revised notice of hearing on the motion was sent by defendant, rescheduling the hearing on defendant's motion for March 14, 1989.

On March 10, 1989, plaintiff sent a notice of hearing March 14, 1989, on plaintiff's motion for a continuance to obtain a written report to attach to the affidavit.

On March 14, 1989, plaintiff's attorney filed a second affidavit in which he stated that he had spoken with a reviewing health professional who was willing and able to provide a written report. Also on March 14, plaintiff filed a written motion for voluntary dismissal pursuant to section 2—1009 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009).

At the March 14, 1989, hearing, the court initially stated that the hearing concerned defendant's motion for judgment. Plaintiff then called to the court's attention the notice for hearing on the motion for a continuance to obtain a written report to attach to the affidavit, and asked that this motion be heard first. Defendant objected to

hearing plaintiff's motion, citing Rule IV of the Uniform Rules of Practice Governing Civil Cases of the Fifth Judicial Circuit of Illinois (Rules of Practice of the Circuit Court, Fifth Judicial Circuit, Rule IV, at 7-9 (1977)) (Rule IV). Defendant argued that plaintiff violated Rule IV by failing to give defendant sufficient notice of the hearing and by failing to call the motion for a hearing within 90 days of its being filed. Plaintiff responded to this objection by stating that if the court did not elect to hear his motion for a continuance, he would ask the court to hear his motion for voluntary dismissal pursuant to section 2—1009 of the Code.

The court decided to hear arguments on plaintiff's motion for a continuance to obtain a written report, and the motion was denied. Plaintiff then tendered his motion for voluntary dismissal. Defendant's attorneys requested a short recess so that they could read the motion and consult with each other. That request was granted, and when they returned, defendant objected to the motion for voluntary dismissal on three grounds: (1) Rule IV was violated because the motion was not timely filed and because defendant had not been given any notice of the filing of the motion; (2) section 2—1009 of the Code was violated as there had been no tender of costs; and (3) under *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858, defendant's motion for judgment must be heard prior to plaintiff's motion for voluntary dismissal. In response, the judge stated that she was familiar with the *Gibellina* case. She then stated the following:

> "This new case stands for the proposition that—and this was a motion for summary judgment. The court ruled that they didn't have discretion in their motion for summary judgment, which was in accord with the existing law in Illinois, and it was taken up. This is the Supreme Court's pronouncement that the Court does have discretion to hear a case dispositive motion.
>
> This Court will allow the motion for voluntary dismissal to be heard, based upon the fact that this is not a motion for summary judgment. I don't believe that the intent of the Supreme Court was to deny an opportunity for full discovery, and essentially a full opportunity to produce all of the facts. If this were a motion for summary judgment, I would follow *Gibellina* to the letter and not allow a motion for voluntary dismissal. I will, under these circumstances, on the basis of the motion for judgment ***."

In presenting his motion for voluntary dismissal, plaintiff stated that he was prepared to tender costs, but did not know how much

they were. Because of that, he said that he could not pay them. Defendant objected and stated that plaintiff was required to tender costs notwithstanding the fact that he did not know how much they were. Defendant argued again that the court should hear his motion for judgment before it heard plaintiff's motion for voluntary dismissal. The court then ruled on plaintiff's voluntary motion to dismiss:

> "Well, the Court will allow the motion to voluntarily dismiss upon the payment of costs, and I would make it clear for the record that the Court has not allowed his motion for extension of time to file a report. If the case were to be voluntarily dismissed at this point in time, if it would be reinstated or refiled, then it starts up just exactly as it is today. So the Court is not in any way indicating that it will allow the filing of a report, or what action it will take."

A written order was subsequently entered by the court on May 9, 1989. In its order, the court noted that plaintiff made a motion for voluntary dismissal and defendant objected to the hearing of that motion based on lack of notice, lack of tendering costs, and failure to follow *Gibellina*, contending that defendant's motion for judgment should have been heard first since it may have resulted in a final disposition of the case. The court also stated:

> "The Court finds that the Motion for Judgment is not a Motion for Summary Judgment as was the case in the causes before the Court in *Gibellina*.
>
> The court exercises its discretion to decline to hear the Motion for Judgment prior to the Plaintiff's Motion for Voluntary Dismissal. The Court finds that *Gibellina*, which was a Summary Judgment case, does not mandate that the Court must proceed to hearing on such a Motion but allows the trial Court to hear such a Motion if in the Court's discretion it is appropriate. The Court then proceeded to the hearing on the Motion for Voluntary Dismissal."

■ The first issue defendant raises on appeal is whether the circuit court committed reversible error when it failed to follow the requirements of *Gibellina*. That case states in pertinent part:

> "[T]he trial court *may* hear and decide a motion which has been filed *prior to* [emphasis in original] a section 2—1009 motion when that motion, if favorably ruled on by the court, *could result* in *a final disposition* of the case." (Emphasis added unless otherwise indicated.) *Gibellina*, 127 Ill. 2d at 138, 535 N.E.2d at 866.

In *Gibellina*, the Illinois Supreme Court determined that it was necessary to modify its previous constructions of the voluntary dismissal statute (section 2—1009 of the Code) because of abuses in the use of that statute. In its opinion, the supreme court made clear that it did not intend to limit the plaintiff's unfettered right to voluntarily dismiss prior to the filing of a dispositive motion by the defendant, but also emphasized that an increasing number of plaintiffs were using section 2—1009 motions to avoid a potential decision on the "merits" of their cases. (*Gibellina*, 127 Ill. 2d at 137, 535 N.E.2d at 865.) Thus, the court held that the trial court had the discretion to decide whether to hear a previously filed dispositive motion.

In his brief, plaintiff contends that the circuit court did not have the discretion to hear the motion for judgment prior to hearing his motion for voluntary dismissal because the motion for judgment then on file was not dispositive. Plaintiff argues that in a similar case, *Huff v. Hadden* (1987), 160 Ill. App. 3d 530, 513 N.E.2d 541, this court found that section 2—622(g) of the Code should be read as requiring an affidavit, not a report, and held that there was no sanction for failure to file a written report. In the instant case, however, we find that plaintiff met neither requirement.

■ Section 2—622(a) of the Code states that plaintiff's attorney shall file an affidavit, attached to the original and all copies of the complaint, declaring:

"That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action and who practices in the same specialty as the defendant if the defendant is a specialist; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action ***." Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(1).

In addition, the affidavit must identify the profession of the reviewing health professional and have attached to it a copy of the written report. That report must clearly identify the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for plaintiff's action exists. Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(1).

In *Huff*, plaintiffs filed a malpractice claim and attached to the complaint at the time of filing an affidavit of plaintiff's attorney, attesting that he had consulted with a reviewing health professional

who held the opinion that the defendant's treatment fell below reasonable medical standards of care and caused injury to plaintiff. The affidavit further described the treatment that allegedly violated the standard of care. The next day, plaintiffs' attorney filed a second affidavit identical to the first one except for a handwritten notation on the affidavit by the health professional stating that he agreed with the statements set forth in the affidavit.

■ The plaintiffs in *Huff* complied with the affidavit requirements; the plaintiff in the present case did not. Attached to the complaint in this case was an affidavit of plaintiff's counsel stating that plaintiff had been unable to obtain the written report of a reviewing health professional. Forty-five days later, plaintiff moved to waive the section 2–622 requirement. Approximately 125 days later, plaintiff's counsel filed another affidavit, stating that plaintiff's attorney had consulted with a reviewing health professional about plaintiff's case. Then, 10 months after filing the complaint, plaintiff's counsel filed a second affidavit in which he stated that he had again spoken with a reviewing health professional who was willing and able to provide a written report. Accordingly, we find the circumstances of the present case to be clearly distinguishable from those in *Huff*. Defendant's motion for judgment could have resulted in a final disposition of the instant case.

We now turn to the question of whether the trial court should have first heard plaintiff's motion for voluntary dismissal before considering defendant's motion for judgment. Upon careful review of the record, it is not clear to us that the trial court understood that under *Gibellina*, it had the discretion to hear defendant's previously filed motion for judgment before hearing plaintiff's motion for voluntary dismissal. At the March 14, 1989, hearing, the trial court stated the following:

> "*This Court will allow the motion for voluntary dismissal to be heard, based upon the fact that this is not a motion for summary judgment*. I don't believe that the intent of the Supreme Court was to deny an opportunity for full discovery, and essentially a full opportunity to produce all of the facts. *If this were a motion for summary judgment, I would follow Gibellina to the letter and not allow a motion for voluntary dismissal*. I will, under these circumstances, on the basis of the motion for judgment ***." (Emphasis added.)

■ Error is committed when a trial court refuses to exercise discretion due to the incorrect belief that it has no discretion as to the question presented. (*People v. Queen* (1974), 56 Ill. 2d 560, 310

N.E.2d 166.) On occasion, this error may be of such significance that the cause must be remanded for a new trial. (*Queen*, 56 Ill. 2d at 566, 310 N.E.2d at 169.) One example of this is the decision by this court in *Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 523 N.E.2d 563, vacating and remanding an order dismissing a medical malpractice complaint with prejudice pursuant to section 2—622 of the Code because the trial court erroneously believed that such dismissals had to be with prejudice.

■ Because of the importance in this case that the trial court fully understand its discretionary authority to hear defendant's motion for judgment before hearing plaintiff's motion for voluntary dismissal, we vacate the court's order granting plaintiff's motion for voluntary dismissal and remand for further proceedings. On remand, the trial court should take into account the concerns underlying *Gibellina* as it exercises its discretion in choosing which motion to hear first.

Because we are remanding for further proceedings, we need not discuss the issues defendant raises on appeal that pertain to Rule IV and the payment of costs.

For the reasons stated, we vacate the order granting plaintiff's motion for voluntary dismissal, and we remand the cause for further proceedings consistent with this opinion.

Vacated and remanded.

SPITZ, J., concurs.

JUSTICE McCULLOUGH, dissenting:

The trial court did exercise its discretion in granting the plaintiff's motion for voluntary dismissal. The trial court did, as the majority states, indicate that if it had been a motion for summary judgment it would follow *Gibellina* and not allow a motion for voluntary dismissal. Although *Gibellina* does not stand for the proposition stated by the trial court, the trial court also exercised its discretion in granting the motion for voluntary dismissal. In addition to the statements of the trial judge referred to in the majority's decision, the trial court also stated:

> "The Court finds that the Motion for Judgment is not a Motion for Summary Judgment as was the case in the causes before the Court in *Gibellina*.
>
> *The Court exercises its discretion to decline to hear the Motion for Judgment prior to the Plaintiff's Motion for Volun-*

*tary Dismissal.* The Court finds that *Gibellina*, which was a Summary Judgment case, *does not mandate that the Court must proceed to hearing on such Motion but allows the trial court to hear such a Motion if in the Court's discretion it is appropriate.* The Court then proceeded to the hearing on the Motion for Voluntary Dismissal." (Emphasis added.)

Contrary to the majority's position, I do not believe *Queen* is a basis for overturning the trial court in this case. In *Queen*, the trial court with respect to a jury question stated: "I cannot have any testimony of any witnesses read to you." (*Queen*, 56 Ill. 2d at 565, 310 N.E.2d at 169.) The supreme court in *Queen* found that the trial court's statement "convinces us it was a declaration that the court was without discretion." (*Queen*, 56 Ill. 2d at 566, 310 N.E.2d at 169.) *Queen* refers to *People v. Pierce* (1974), 56 Ill. 2d 361, 308 N.E.2d 577, decided the same year, similar to the facts in *Queen*. In *Pierce*, the supreme court found there was an exercise of discretion.

In this case, the trial court did indicate that it was exercising its discretion. This court should affirm the trial court. The reason cited by the trial court for its decision, as set forth by the majority, does not require this court to reverse. As stated in *In re Marriage of McFarlane* (1987), 160 Ill. App. 3d 721, 726, 513 N.E.2d 1146, 1149:

"It is well settled that a reviewing court is not bound by the reasons given by the trial court for its judgment. *** The reasons given by a trial court for an order, or the findings on which an order is based, are not material if the order is correct."

The trial court did not need to give reasons for its ruling. That the stated reason may have been incorrect is immaterial in this case.

The record indicates that the trial court did exercise its discretion and should be affirmed.