TERESA BOCHANTIN *et al.*, Plaintiffs-Appellees, v. DENNIS PETROFF, Defendant-Appellant (Illinois Health Facilities, Inc., d/b/a Oliver Anderson Hospital, Defendant).

Fifth District   No. 5—89—0185

Opinion filed May 11, 1990.

HARRISON, J., dissenting.

Freeark, Harvey, Mendillo, Dennis & Wuller, P.C., of Belleville (Ray Freeark and Ransom P. Wuller, of counsel), for appellant.

Dunham, Boman & Leskera, of East St. Louis (Edward L. Adelman, of counsel), for appellee.

JUSTICE WELCH delivered the judgment of the court:

Defendant, Dr. Dennis Petroff, appeals from the order of the circuit court of Madison County allowing plaintiffs' motion for voluntary

dismissal pursuant to section 2—1009 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009).

Plaintiffs, Teresa and Matthew Bochantin, brought an action for medical malpractice in 1984 against Dr. Petroff and Southwestern Illinois Health Facilities, Inc., d/b/a/ Oliver Anderson Hospital. The hospital defendant was later dismissed from this case upon plaintiffs' motion. The record from the court below indicates numerous discovery-related motions filed by both defendants, including motions to compel answers to interrogatories, motion for pretrial conference seeking court supervision of discovery, motion to set discovery deposition of plaintiffs' expert and finally a motion to dismiss filed by Dr. Petroff in October 1988. Defendant alleged in the motion to dismiss that plaintiffs' failure to set the deposition of its named expert barred the witness pursuant to Supreme Court Rule 220 (107 Ill. 2d R. 220), warranting dismissal of the complaint.

The background behind the filing of the motion to dismiss included what defendant alleges to be abusive manipulation of the discovery process. At a November 1985 pretrial conference, the court ordered a Rule 220 expert-disclosure schedule. Plaintiffs finally responded with the name of their expert but only after Dr. Petroff had obtained a dismissal of the complaint and they had obtained its reinstatement. Dr. Petroff then requested the setting of the deposition in January 1987. Over the next 18 months Dr. Petroff unsuccessfully attempted to set the expert's deposition and in March 1988 again asked the court's intervention by way of pretrial conference. The court ordered the expert produced for deposition within 45 days of its order. When the deposition had not yet been set five months after the time limit imposed by the court had expired, Dr. Petroff filed his motion to dismiss.

At the hearing on this motion on January 3, 1989, plaintiffs explained that their expert had refused to testify after being so instructed by his employer in November 1988. The court gave plaintiffs 30 additional days to replace their expert and disclose the identity to Dr. Petroff. Before the 30 days had run plaintiffs sought and obtained an additional 30 days to disclose their new expert, apparently on an *ex parte* basis. Dr. Petroff filed a motion to strike the court's order granting the extension, citing the court's earlier order which had specifically stated that there would be no more continuances. Before this motion was heard, however, plaintiffs requested and obtained a voluntary dismissal without prejudice.

■ The issues before this court on appeal involve interpretation of the rule stated by the supreme court in the recent case, *Gibellina*

*v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858. In *Gibellina* the court announced that effective February 22, 1989, the date of filing of the opinion, "the trial court may hear and decide a motion which has been filed *prior to* a section 2—1009 motion when that motion, if favorably ruled on by the court, could result in a final disposition of the case." (Emphasis in original.) (*Gibellina*, 127 Ill. 2d at 137-38, 535 N.E.2d at 866.) The supreme court announced this rule in response to what it perceived as the myriad abusive uses by plaintiffs of their statutory right to voluntary dismissal under section 2—1009 of the Code, and the legislature's failure to respond with amendment of the statute to prevent continued abuse. *Gibellina*, 127 Ill. 2d at 136, 535 N.E.2d at 865.

■ At common law, a plaintiff was permitted to take a nonsuit any time prior to entry of a decision by the judge or the jury. (*Gibellina*, 127 Ill. 2d at 132, 535 N.E.2d at 863.) The voluntary dismissal statute is somewhat more restrictive and provides as follows:

"The plaintiff, may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009.)

Prior to the rule announced in *Gibellina* the only other restriction on the plaintiff's liberal voluntary dismissal right was by way of the decision in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322. In *O'Connell* the supreme court held that a trial court must rule on a defendant's Rule 103(b) motion to dismiss for untimely service of process before it rules on plaintiff's section 2—1009 motion to voluntarily dismiss and section 13—217 motion to refile. In so ruling the court may consider the circumstances surrounding plaintiff's original service of process and the circumstances surrounding service of the refiled complaint. (*O'Connell*, 112 Ill. 2d at 283, 492 N.E.2d at 1327.) Courts consistently held prior to *Gibellina* that plaintiffs had an absolute right to voluntary dismissal without prejudice prior to commencement of trial, except when the defendant by prior motion was seeking a dismissal for lack of dili-

gence in service of process.

Against this background we must examine Dr. Petroff's arguments concerning the extent of *Gibellina*'s ruling. Defendant argues that a proper interpretation of *Gibellina* would mandate that where discovery abuses are manifestly apparent on the record the trial court *must* consider the defendant's potentially dispositive motion before ruling on plaintiff's motion for voluntary dismissal. In the alternative defendant argues that the trial court abused its discretion when it entered the January 19, 1989, order granting plaintiff an additional 30 days to locate an expert and when it granted the voluntary dismissal on February 23, 1989.

■■ We initially note that the trial court could properly have applied the *Gibellina* rule on February 23, 1989, in determining whether it could decide defendant's motion to dismiss before plaintiff's motion for voluntary dismissal. The supreme court specifically held that this rule should be applied prospectively only from the date the opinion was filed on February 22, 1989.

■■ ■ Moreover, defendant properly notes in his reply brief that the *Gibellina* rule is not limited to pending defense motions for summary judgment, as were the three cases consolidated for purposes of the supreme court's decision in *Gibellina*, but applies to any potentially dispositive defense motion. The decision of a trial court was recently vacated and remanded for consideration of the court's discretionary authority under *Gibellina* because the trial court incorrectly found at the hearing on defendant's motion for judgment pursuant to section 2—622 (Ill. Rev. Stat. 1987, ch. 110, par. 2—622), that *Gibellina* only applied to· pending motions for summary judgment. (See *Mizell v. Passo* (1989), 192 Ill. App. 3d 435, 442, 548 N.E.2d 783, 787.) The court in *Mizell* found a discretionary authority to decide defendant's motion before determining plaintiff's motion for voluntary dismissal because the section 2—622 motion was a potentially final disposition of the case. (*Mizell*, 192 Ill. App. 3d at 441, 548 N.E.2d at 786.) Error is committed when a trial court refuses to exercise discretion due to the incorrect belief that it has no discretion as to the question presented. (*Mizell*, 192 Ill. App. 3d at 441, 548 N.E.2d at 787.) There is no evidence in the record, however, nor does defendant argue, that the trial judge did not recognize that he had a discretionary authority to decide defendant's motion to dismiss prior to plaintiffs' motion for voluntary dismissal.

■■ ■ Defendant's argument, however, is not whether the trial court had the discretionary authority to consider his motion before plaintiffs' motion. Dr. Petroff argues that based on the record of dis-

covery abuse *Gibellina* required the court to rule on defendant's motion first. Supreme court rules are to be construed in accordance with the appropriate provisions of the act concerning statutory construction. (107 Ill. 2d R. 2, citing Ill. Rev. Stat. 1981, ch. 1, par. 1001 *et seq.*) "May" is usually employed as implying permissive or discretional as opposed to mandatory action and is construed as "shall" or "must" only where necessary to carry out legislative intent or when rights of public or third persons depend upon exercise of power given. (*Rankin v. Rankin* (1944), 322 Ill. App. 90, 92-93, 54 N.E.2d 58, 59.) Defendant urges that the court's discretion should be limited to require at least review of the prior pending defense motion in cases where the discovery process has been repeatedly abused or the abuses intended to be corrected by the *Gibellina* rule will continue, plaintiffs will be encouraged to forum shop, and lack of direction will create inconsistent decisions with no standard of review. What defendant proposes is revision of the *Gibellina* rule to require determination of the defense motion rather than making the court's authority to do so discretionary. While we acknowledge defendant's concerns, we decline to adopt this proposed interpretation because it would further limit plaintiff's statutory right of voluntary dismissal and because we find that the supreme court intended to afford discretion to the court, not a mandate. This construction is consistent with the question presented for review in *Gibellina* and the resulting rule announced. The *Gibellina* defendants each argued in their consolidated cases that once a motion has been filed for summary judgment, that motion *should* be heard prior to a plaintiff's motion for voluntary dismissal. (*Gibellina,* 127 Ill. 2d at 131, 535 N.E.2d at 863.) The supreme court recognized that plaintiffs have used the voluntary dismissal statute in a myriad of ways ranging from the potentially abusive to the innocuous. (*Gibellina,* 127 Ill. 2d at 136, 535 N.E.2d at 865.) The trial judge is in the best position to determine the characterization of plaintiff's use or abuse of the voluntary dismissal statute and can exercise his or her discretion accordingly. Moreover, as long as the dismissal order is subject to review, defendant has suffered no legal prejudice. *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 307, 472 N.E.2d 787, 789.

■ Defendant further argues that the trial court abused its discretion in allowing plaintiffs a second, 30-day extension in derogation of its prior order and in deciding plaintiffs' motion prior to his pending motion to dismiss. Absent abuse of discretion, a reviewing court should not substitute its discretion for that of the trial court. (*Asch v. Asch* (1981), 100 Ill. App. 3d 293, 296, 426 N.E.2d 1066, 1068.) A

trial court's decision constitutes an "abuse of discretion" only where no reasonable person would take the view adopted by trial court. *In re Marriage of Petrovich* (1987), 154 Ill. App. 3d 881, 887, 507 N.E.2d 207, 211.

■ Plaintiffs argue that no abuse was present as the record indicates a last-minute defection of their expert and that defendant's motion to dismiss was not in fact pending when they filed their motion for voluntary dismissal. Plaintiffs maintain that the motion to dismiss was effectively denied by the court's order of January 3, 1989, when it granted them the 30-day extension and that the motion to strike did not revive the motion to dismiss. While the court may have abused its discretion by entering the order on January 19, 1989, granting plaintiffs an additional 30 days to name an expert in light of the ruling of January 3, 1989, we find that the error did not impact on the court's decision to rule on and grant plaintiffs' motion for voluntary dismissal on February 23, 1989. The motion to dismiss stated as grounds the discovery abuse by plaintiffs in failing to produce their expert for deposition. Defendant also claimed in his motion that the testimony of the expert would have been barred because of the scheduled trial date the following month. Rule 220 requires expert-witness discovery to be completed not later than 60 days before the anticipated trial date, and mandates disqualification of the expert as a witness for failure to make the disclosure or otherwise comply with the discovery contemplated by this rule. See 107 Ill. 2d R. 220(b).

■ Although the record is unclear, trial was either not set on the November 1988 docket or was continued. In any event the trial court considered not only the defense motion to dismiss but also the plaintiffs' motion for extension of time to identify its expert at the January 3, 1989, hearing. We find that by granting plaintiffs the additional time to disclose a new expert as opposed to producing the previously disclosed expert for discovery, the court was acting pursuant to provisions of Rule 220 which allow for scheduling of disclosure of not previously known experts after the first pretrial conference. We also note that the court did not reset the trial date at the January 3, 1989, hearing. Therefore any new expert to be disclosed by plaintiffs would not have been automatically barred if plaintiffs failed to disclose his or her identity within 30 days of the January 3, 1989, order. We find that the trial judge could reasonably have determined, without abusing the discretion accorded by the *Gibellina* rule, to rule on plaintiffs' motion for voluntary dismissal prior to defendant's pending motion.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

GOLDENHERSH, J., concurs.

JUSTICE HARRISON, dissenting:

I must dissent as in my view, under any reading of the *Gibellina* decision, the trial court should be reversed and this cause should be remanded with instructions to consider the motion to dismiss filed by defendant before granting plaintiffs' motion to voluntarily dismiss. The supreme court noted in *Gibellina* that it has become clear that the allowance of an unrestricted right to dismiss and refile an action in the face of a potentially dispositive motion is infringing on the authority of the judiciary to discharge its duties fairly and expeditiously. To curb this abuse the supreme court determined that trial courts may, from the date of its decision, hear and rule on prior pending motions filed by the defense that would be dispositive of the case. It seems to me that the case *sub judice* is precisely the type of case contemplated by our supreme court.