RUSSELL THOMPSON, a Minor, by Donald Thompson, Indiv. and as Father and Next Friend, *et al.*, Plaintiffs-Appellants, v. PETER HEYDEMANN *et al.*, Defendants-Appellees (Evanston Hospital Corporation *et al.*, Defendants).

First District (1st Division)   No. 1—88—0931

Opinion filed June 29, 1992.

Albert Brooks Friedman, Ltd., of Chicago (George E. Panos and John P. Coleman, of counsel), for appellants.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin and Paul J. Peralta, of counsel), for appellee Peter Heydemann.

Johnson, Cusack & Bell, Ltd., of Chicago (Pamela L. Gellen, Emilio E. Machado, and Thomas H. Fegan, of counsel), for appellee Robert Lussky.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Russell Thompson appeals orders of the circuit court of Cook County granting motions to dismiss with prejudice two counts of his medical malpractice action naming defendants Robert Lussky, M.D., and Peter Heydemann, M.D., as defendants, and denying plaintiff's motion to file a supplemental report concerning these two defendants. For the following reasons, we reverse and remand the cause for further proceedings.

The facts which give rise to this appeal are as follows: On May 15, 1981, plaintiff filed a medical malpractice action against defendants other than Heydemann and Lussky. In his action, plaintiff, an infant, alleged that on July 22, 1976, defendants introduced contaminated blood or blood products or both into his bloodstream and that air bubbles were introduced into his bloodstream in the process, which caused him to suffer severe brain damage. Plaintiff also alleged that defendants performed unnecessary, high-risk procedures on him by unqualified persons and without consent. Plaintiff further alleged that the conduct of various defendants following these events aggravated his injuries.

On September 21, 1983, defendants deposed Dr. Robert Mendelsohn, who had been asked by plaintiff to review the records concerning plaintiff's treatment. Although Mendelsohn had not been asked by plaintiff to render an opinion on any care given by Heydemann, Mendelsohn opined that he had not found any point where Heydemann fell below the standard of care. The parties do not dispute that Lussky was not mentioned during this deposition.

On August 15, 1985, section 2—622 of the Illinois Code of Civil Procedure went into effect. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622). This statute requires in relevant part that a medical malpractice plaintiff's attorney must attach an affidavit stating that he has conferred with a knowledgeable health professional, that the professional has determined in a written report that after reviewing the records relevant to the action, there is a reasonable and meritorious cause for the filing of an action; the report must also be attached. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) The statute provides that failure to file a required affidavit shall be grounds for dismissal with prejudice. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g).) This statute, however, does not apply to actions that were pending at the time of its effective date; only cases that were filed on or after the effective date are affected. Ill. Rev. Stat. 1985, ch. 110, par. 2—622(h).

On July 18, 1986, with permission of the trial court, plaintiff filed a fourth amended complaint which added Heydemann and Lussky, as well as David Ingall, M.D., and Northwestern University as defendants. On September 17, 1986, Lussky filed his appearance and answer in the trial court. On October 30, 1986, Heydemann filed his appearance and a motion to dismiss the claim against him pursuant to sections 2—622 and 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—622, 2—619), alleging that plaintiff had not filed an affidavit or report concerning Heydemann. Lussky filed a similar motion on December 29, 1986.

The trial court held hearings on these motions on June 15 and July 7, 1987, and January 14, 1988. At these hearings, plaintiff argued that section 2—622 did not apply to Heydemann and Lussky, who were added to a suit filed before the effective date of the statute. The trial court, stating that it had discretion in granting dismissals pursuant to section 2—622, denied the motions, but ordered plaintiff to file affidavits and reports required by section 2—622 regarding Heydemann, Lussky, Northwestern University and Dr. Ingall.

Plaintiff timely complied with this order on January 29, 1988, the final day of the filing period. The same day, Lussky, Heydemann, Ingall and Northwestern filed motions to dismiss for failure to file the affidavits and reports. The trial court denied these motions on February 2, 1988, but granted Lussky leave to challenge the sufficiency of the medical report.

Lussky filed a motion to dismiss on February 16, 1988, alleging that Dr. Mendelsohn failed to state reasons for the conclusion that Dr. Lussky's conduct deviated from acceptable medical standards. The trial court granted this motion to dismiss with prejudice on March 1,

1988, and denied plaintiff's oral motions for leave to amend the report or to reconsider.

One week later, on March 8, 1988, the court heard motions to dismiss with prejudice filed by Heydemann, Ingall and Northwestern. At this hearing, the trial court compared statements in Mendelsohn's deposition and report, finding them inconsistent or contradictory regarding Heydemann's conduct. The trial court therefore granted Heydemann's motion to dismiss with prejudice, but allowed plaintiff leave to amend regarding the other defendants. This appeal followed.

Initially, we note that the purpose of a section 2—619 motion is to provide a mechanism to dispose of issues of law or easily proved issues of fact. (*Chicago Steel Rule Die & Fabricators Co. v. Malan Construction Co.* (1990), 200 Ill. App. 3d 701, 558 N.E.2d 341; *Consumer Electric Co. v. Cobelcomex, Inc.* (1986), 149 Ill. App. 3d 699, 703, 501 N.E.2d 156.) The trial court may decide questions of fact upon the hearing of the motion. (*North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664.) However, in deciding the merits of the motion, a trial court cannot determine disputed factual issues solely upon affidavits and counteraffidavits. *Premier Electrical Construction Co. v. La Salle National Bank* (1984), 132 Ill. App. 3d 485, 477 N.E.2d 1249.

■ Plaintiff's first argument on appeal is that the trial court erred in requiring him to amend his pleadings regarding Lussky and Heydemann because section 2—622 should not apply to defendants added to a suit filed before the statute's effective date. The record, however, indicates that plaintiff failed to seek an express ruling on this issue from the trial court, which constitutes waiver of the argument on appeal. See *Wilson v. Gorski's Food Fair* (1990), 196 Ill. App. 3d 612, 615, 554 N.E.2d 412, 415.

■ Plaintiff next argues that Lussky waived any motion to dismiss by filing an answer prior to moving for dismissal. This argument is unpersuasive. Filing an answer does not preclude filing a section 2—619 motion; even if it is procedurally improper, the judgment of the trial court will not be reversed absent a showing of prejudice to plaintiff. (See *Stewart v. County of Cook* (1989), 192 Ill. App. 3d 848, 858, 549 N.E.2d 674, 680.) Based on the record here, plaintiff has failed to make such a showing.

■ Plaintiff's final argument is that the trial court erred in dismissing the claims against Heydemann and Lussky without granting plaintiff leave to supplement Dr. Mendelsohn's medical report. The decision to dismiss a complaint for failure to conform to the requirements of section 2—622 is within the discretion of the trial court. (*Mc-*

*Castle v. Sheinkop* (1987), 121 Ill. 2d 188, 520 N.E.2d 293.) Nevertheless, section 2—622 must be liberally construed, so that cases may be quickly and finally decided according to the substantive rights of the parties. (*Hagood v. O'Conner* (1988), 165 Ill. App. 3d 367, 371, 519 N.E.2d 66, 68-69.) Section 2—622 is a technical pleading requirement intended to deter frivolous lawsuits, not a substantive defense. (See *McCastle*, 121 Ill. 2d at 193, 520 N.E.2d at 296.) Consequently, where a minor technical error is involved, permitting a plaintiff to amend more closely furthers the purpose of section 2—622 than dismissing with prejudice. See *Hagood*, 165 Ill. App. 3d at 371, 519 N.E.2d at 69.

█ Section 2—622 provides that "[t]he failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g).) In this case, plaintiff had not attached the certificate or report required by section 2—622. The trial court directed plaintiff to amend his complaint to include the certificate and report required by section 2—622. Plaintiff timely complied with this order. Defendants then attacked the sufficiency of the report. The trial court dismissed the claims against Heydemann and Lussky with prejudice and denied plaintiff the opportunity to amend. The record indicates that plaintiff filed a motion to reconsider to which supplemental reports containing Dr. Mendelsohn's reasons were attached. Nevertheless, the trial court refused plaintiff the opportunity to amend as to Heydemann and Lussky due to perceived inconsistencies or contradictions between Dr. Mendelsohn's deposition in 1983 and his medical report. The trial court allowed plaintiff to amend as to other after-added defendants because perceived inconsistencies regarding them were not as clear.

Thus, the record indicates that the perceived inconsistencies in Mendelsohn's report were the basis for the dismissal. Indeed, the record reflects that the trial court analogized to the situation where a party submits contradictory affidavits in an attempt to survive summary judgment.

The analogy to summary judgment is not appropriate in this case for two reasons. First, as noted above, the dismissal with prejudice here was not based upon plaintiff's failure to file the certificate required by section 2—622. In *Huff v. Hadden* (1987), 160 Ill. App. 3d 530, 513 N.E.2d 541, this court held that the plain language of section 2—622 does not authorize the trial court to dismiss without leave to amend for failure to submit the written reports referred to in section 2—622. (*Huff*, 160 Ill. App. 3d at 534-35, 513 N.E.2d at 544.) Similarly, there is no language in section 2—622 authorizing dismissal un-

der section 2—619 where a report may be inconsistent with depositions or other discovery materials. Thus, it is not clear that the filing of a written report that is inconsistent with discovery materials can be a basis for dismissal under section 2—622.

Second, assuming that a trial court may dismiss a claim under section 2—619(a)(9) where an expert appears to contradict himself or herself in a written report, the summary judgment analogy fails in this case. It is true that a party or the party's agent may not create an issue of material fact by filing affidavits that conflict with that person's prior sworn testimony. (*Schmall v. Village of Addison* (1988), 171 Ill. App. 3d 344, 348, 525 N.E.2d 258, 261.) However, an admission " 'must be deliberate testimony relating to a concrete fact, and not a matter of opinion, estimate, appearance or uncertain summary' " to warrant the granting a summary judgment or section 2—619 motion. (See *Schmall*, 171 Ill. App. 3d at 348, 525 N.E.2d at 261, quoting *Thomas v. Northington* (1985), 134 Ill. App. 3d 141, 147, 479 N.E.2d 976, 980.) A deponent may controvert earlier statements that are not deliberate, repeated and unequivocal. (See *Schmall*, 171 Ill. App. 3d at 348, 525 N.E.2d at 261.) In order to determine whether the deponent's statements may be controverted or explained, the court must consider the entire deposition and the statements must be given a meaning consistent with the context in which they are found. *Schmall*, 171 Ill. App. 3d at 348-49, 525 N.E.2d at 261-62.

In this case, the record shows that Mendelsohn's deposition was taken in September 1983. In the deposition, Mendelsohn indicates the bases for his opinions, including the amended complaint. The record also indicates that in October 1983, plaintiff was given leave to file a second amended complaint. Heydemann and Lussky were not added as defendants until 1986, as part of plaintiff's fourth amended complaint. The record further indicates that plaintiff was not ordered to attach Mendelsohn's reports until 1988. Plaintiff attached Mendelsohn's initial report as part of the fifth amended complaint. Mendelsohn's report indicates that he reaffirmed his previous statements from the 1983 deposition, rereviewed all medical records, reviewed the actions of Heydemann and Lussky and concluded that their conduct fell below the applicable standard of care.

Viewed in the context of this record, we cannot conclude that Mendelsohn's "reaffirmation" of his 1983 deposition mandates that statements therein indicating that he did not see negligence by Heydemann or negligence in the after care of plaintiff are binding judicial admissions. Neither Heydemann nor Lussky was a defendant in September 1983; it is therefore unlikely that the portions of the

584

deposition at issue were deliberate. Indeed, while Mendelsohn indicated that he "reaffirmed" his prior deposition, the record does not indicate that he ever read or reviewed that deposition. Moreover, the record indicates that plaintiff obtained more information during discovery since 1983; thus, Mendelsohn may "reaffirm" statements made in a prior deposition as correct *based on the materials available in 1983*, yet expand on those statements based on the new materials. Furthermore, the statements which are purportedly contradictory are isolated statements of opinion, rather than repeated statements of concrete fact. Given these factors, Heydemann and Lussky have failed to show that Mendelsohn should not be permitted to explain his statements through additional reports or affidavits or both.

For the aforementioned reasons, the orders of the circuit court of Cook County dismissing the claims against Heydemann and Lussky are reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BUCKLEY, P.J., and O'CONNOR, J., concur.