PAUL R. McDANIEL, Plaintiff-Appellee, v. ST. ELIZABETH'S HOSPITAL *et al.*, Defendants (William Sprich *et al.*, Defendants-Appellants).

Fifth District    No. 5—90—0140

Opinion filed May 15, 1991.

Freeark, Harvey, Mendillo, Dennis & Wuller, P.C., of Belleville (Ray Freeark and Ransom P. Wuller, of counsel), for appellants William Sprich and Robert E. Schultz.

Amiel Cueto, of Cueto & Cueto, Ltd., of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Defendants, Dr. William Sprich and Dr. Robert Schultz, appeal from an order of the circuit court of St. Clair County allowing plaintiff Paul McDaniel's motion for voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1009).

McDaniel originally filed his complaint on September 25, 1989, in the circuit court of St. Clair County. The complaint sought recovery for alleged medical malpractice from St. Elizabeth's Hospital, Dr. Jose Almeida, Dr. Richard Koesterer, and Dr. William Sprich. Attached to the complaint and made a part thereof was an affidavit of counsel signed by McDaniel's attorney, which stated:

"Comes now *** attorney for the plaintiff, and hereby states under oath that because of the impending statute of limitations, a consultation could not be obtained and the statute of limitations would impair this action."

All defendants were served by October 2, 1989. On October 4, 1989, McDaniel filed an amended complaint naming Dr. Robert E. Schultz as an additional defendant. The allegations against the other defendants remained the same. An affidavit of counsel identical to the one previously filed was attached. On October 10, 1989, Dr. Schultz was served with the amended complaint and the attorney's affidavit. Section 2—622 of the Code of Civil Procedure provides:

"Healing art malpractice. (a) In any action *** in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney *** shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional ***; that the reviewing health professional has determined *** that there is a reasonable and meritorious cause for the filing of such action ***.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant

shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1." (Ill. Rev. Stat. 1989, ch. 110, par. 2—622.)

McDaniel did not file a certificate and written report as required by the statute, nor did he request additional time in which to file said affidavit. Dr. Schultz and Dr. Sprich did not file an answer to the complaint.

On January 18, 1990, 106 days after the amended complaint was filed against Dr. Schultz and Dr. Sprich, the two doctors filed a special and limited appearance questioning the jurisdiction of the court. They alleged that the statute of limitations against them had run, and that McDaniel's case could not be salvaged by the affidavit of McDaniel's counsel which was originally filed with the complaint, particularly in light of the fact that more than 90 days had passed without the filing of a health professional's certificate and/or affidavit of counsel as required by statute. Motions to dismiss were filed by the codefendants, and each defendant cited McDaniel's failure to file an affidavit and report as required by section 2—622(a)(1).

On January 30, 1990, prior to the court's ruling on defendants' motions but after argument, McDaniel orally moved to voluntarily dismiss the complaint against all defendants without prejudice. The plaintiff's motion was allowed by the court over defendants' objections. McDaniel subsequently filed a written motion for voluntary dismissal on February 1, 1990. The court entered an order granting McDaniel's motion on February 1, 1990, and gave him one year within which to file anew. This appeal followed.

■■ This appeal concerns the trial court's application of the rule set forth in *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858. In that case the supreme court announced that effective February 22, 1989, "the trial court may hear and decide a motion which has been filed *prior to* a section 2—1009 motion when that motion, if favorably ruled on by the court, could result in a final disposition of the case." (Emphasis in original.) *Gibellina*, 127 Ill. 2d at 137-38, 535 N.E.2d at 866.

It is uncontroverted that while Dr. Sprich and Dr. Schultz were served with an affidavit which met the requirements of section 2—622(a)(2), McDaniel did not supplement this affidavit with one required under section 2—622(a)(1). Defendants contend that McDaniel did not present the court with evidence of good cause for his failure to file under section 2—622(a)(1). Defendants argue that McDaniel's use of the voluntary dismissal statute undermined the purpose and effect of section 2—622, much like the actions of the plaintiff in

*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, who sought to voluntarily dismiss his complaint in the face of a Supreme Court Rule 103(b) motion (134 Ill. 2d R. 103(b) (dismissal for lack of diligence in obtaining service)).

In *O'Connell* the court held that where a plaintiff relies on sections 2—1009 and 13—217 (Ill. Rev. Stat. 1989, ch. 110, pars. 2—1009, 13—217) in response to a pending Rule 103(b) motion, the Rule 103(b) motion *must* be heard on its merits prior to a ruling on plaintiff's motion to dismiss under section 2—1009. (*O'Connell*, 112 Ill. 2d at 283, 492 N.E.2d at 1327.) Defendants contend that, like a Rule 103(b) motion, the section 2—622 motion must be heard prior to any ruling on a plaintiff's motion to voluntarily dismiss under section 2—1009.

Preliminarily we note that the supreme court in *Gibellina* directed that *O'Connell* should be read and applied narrowly. The court in *Gibellina* explained that *O'Connell* presented a situation in which the statutory enactment permitting a voluntary dismissal directly conflicted with a specific rule of the court and served as an infringement upon the court's supervisory authority. *Gibellina*, 127 Ill. 2d at 133, 535 N.E.2d at 864.

■ Secondly, it has already been determined that the legislature did not mandate dismissal with prejudice when a plaintiff fails to attach the attorney's affidavit and health professional's report as required by section 2—622 of the Code of Civil Procedure. (*McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 192-93, 520 N.E.2d 293, 295.) In *McCastle* the trial court dismissed with prejudice because the court believed that it had no discretion to do otherwise. The supreme court reversed, holding that in considering section 2—622 motions the trial court did have discretion. Unlike Supreme Court Rule 103(b), the legislative history behind section 2—622 does not reveal the primary purpose behind that section as being the need to promptly alert defendants to the pendency of a civil suit. (See *O'Connell*, 112 Ill. 2d at 282, 492 N.E.2d at 453.) On the contrary, in *McCastle*, the court held:

> "Requiring that section 2—622 dismissals be with prejudice would be a triumph of form over substance. It would elevate a pleading requirement *designed to reduce frivolous lawsuits* into a substantive defense forever barring plaintiffs who initially fail to comply with its terms." (Emphasis added.) (*McCastle*, 121 Ill. 2d at 193, 520 N.E.2d at 296.)

The circumstance of abuse of the voluntary dismissal statute which the supreme court sought to eliminate in *O'Connell* is not evident in

the case at bar. Although defendants would have us rule that trial courts must hear a section 2—622 motion prior to ruling on a motion for voluntary dismissal, we adhere to the rule that the trial judge has discretion to determine the characterization of plaintiff's use or abuse of the voluntary dismissal statute. (See *McCastle*, 121 Ill. 2d 188, 520 N.E.2d 293.) The *Gibellina* rule does not require a determination of the defendant's section 2—622 motion prior to ruling on a motion to voluntarily dismiss. Rather, *Gibellina* empowers the trial court with discretion to hear defendant's motion prior to ruling on the plaintiff's motion to dismiss.

■■ In the instant case, the record is devoid of any discovery-related motions or other pretrial proceedings other than those which have been alluded to herein. This was not a case where the record revealed that discovery had been entered into by the parties, where substantial costs had been incurred, or where the defendants demonstrated that they had otherwise been prejudiced. The stage of the proceedings here was not as advanced as that in *Gibellina*. Furthermore, we do not view this as the type of case contemplated by the *Gibellina* court. (See *Bochantin v. Petroff* (1990), 198 Ill. App. 3d 369, 376, 555 N.E.2d 1066, 1070 (Harrison, J., dissenting), *appeal allowed* (1990), 133 Ill. 2d 552, 561 N.E.2d 686.) We find, therefore, that the trial court did not err in ruling on the plaintiff's motion without first considering the defendants' previously filed section 2—622 motion.

■ Finally, defendants argue that the plaintiff should not be rewarded for his utter lack of showing of good faith in not filing the required documents under section 2—622. Defendants contend that at the very least the trial court should have required McDaniel to present evidence of good cause for failure to comply with the statute.

In the recent case of *Premo v. Falcone* (1990), 197 Ill. App. 3d 625, 554 N.E.2d 1071, the plaintiffs filed their medical malpractice complaint, along with an affidavit stating that the plaintiffs' attorney was unable to consult with a health professional and that an arguable statute of limitations problem existed which precluded him from attaching the requisite report under section 2—622. Subsequent to the expiration of the 90-day statutory extension, plaintiffs filed a health care professional's report with the trial court. Plaintiffs did not file the required attorney's consultation affidavit with the report. Defendants filed a motion to dismiss, alleging that the plaintiffs had failed to comply with the requirements of section 2—622. The trial court granted the motion to dismiss and dismissed the case with prejudice,

stating that the plaintiffs had failed to show good cause for their late filing. *Premo*, 197 Ill. App. 3d at 628, 554 N.E.2d at 1073-74.

In affirming the trial court's decision, the court of review held:

"Allowing trial courts to consider whether good cause exists for noncompliance with the deadlines for filing the required documentation in section 2—622 is consistent with the objectives of that statute because it encourages compliance with the deadlines set forth therein and encourages filing the required documentation as expeditiously as possible in the event compliance is not possible." (*Premo*, 197 Ill. App. 3d at 631, 554 N.E.2d at 1076.)

While *Premo* sanctioned the trial court's decision to consider whether good cause exists for noncompliance with section 2—622, the *Premo* court did not *require* that trial courts consider whether good cause exists. We agree with this premise, particularly because *Gibellina* did not require that the party requesting a voluntary dismissal demonstrate good faith. In the case at bar, while we do not commend the plaintiff's failure to furnish reasons for his failure to comply with the requirement of section 2—622, the trial judge had discretion to determine the characterization of plaintiff's use or abuse of the voluntary dismissal statute. (*McCastle*, 121 Ill. 2d 188, 520 N.E.2d 293.) We do not find that the trial court abused its discretion in failing to require McDaniel to present evidence of good cause for failing to comply with section 2—622 or in allowing McDaniel's motion to dismiss without prejudice.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

RARICK, P.J., and GOLDENHERSH, J., concur.