RICHARD M. MARSH et al., Plaintiffs-Appellants, v. JAMES R. NELLESSEN, d/b/a Nellessen Construction, Defendant-Appellee.—JAMES R. NELLESSEN, d/b/a Nellessen Construction, Plaintiff-Appellee, v. RICHARD M. MARSH et al., Defendants-Appellants.

Second District   Nos. 2—91—1429, 2—91—1468 cons.

Opinion filed October 16, 1992.

Donald C. Stinespring, of Donald C. Stinespring & Associates, of Richmond, and Burton A. Gross, of Chicago, for appellants.

Donald W. Truckenbrod and Thomas L. Cowlin, both of Truckenbrod & Cowlin, of McHenry, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Richard M. Marsh and Monica L. Marsh appeal the orders of the circuit court in this consolidated appeal. In appeal No. 2—91—1468, they appeal the order of the circuit court denying them leave to file a counterclaim in cause No. 90—LM—251. In appeal No. 2—91—1429, they appeal the order of the circuit court dismissing their complaint in cause No. 91—LA—471. The dismissed complaint was nearly identical to the denied counterclaim in the previously filed action. The first issue on appeal is whether the trial court abused its discretion in denying the Marshes the right to proceed with their allegations as a counterclaim when they alleged the same facts in their answer and affirmative defense previously filed. The second issue on appeal is whether the trial court abused its discretion in dismissing with prejudice the Marshes' separate cause of action. Because these two issues are so closely related, we will address them simultaneously. We reverse the orders of the circuit court and remand the causes.

On May 24, 1990, James R. Nellessen, d/b/a Nellessen Construction, filed a complaint in cause No. 90—LM—251 in which he alleged that the Marshes breached their contract to pay for the building of a house. Nellessen alleged that he built the house for the contract price of $84,320 plus extras of $1,950.11 and that the Marshes paid $78,000, leaving a balance of $8,270.11. On August 7, 1990, the Marshes answered the complaint by denying that Nellessen duly per-

formed his duties under the contract. The Marshes filed an affirmative defense in which they alleged nine defects in the construction, such as crooked walls, water leakage, improperly installed trim and the failure to use screws and glue on the walls. The Marshes responded to Nellessen's demand for a bill of particulars by supplying the detailed locations of the defects.

On June 7, 1991, the panel of arbitrators made an award in favor of Nellessen in the amount of $8,270.11. On July 2, the Marshes filed a notice of rejection of the award. The court scheduled trial for November 18, 1991. On September 25, 1991, The Marshes' counsel served a notice of motion for October 30, to present counsel's motion for leave to withdraw as their attorney. On November 1, the Marshes served a notice of motion to present a motion for leave to file a counterclaim and to continue the trial. On November 6, the court denied the motion for leave to file the counterclaim. The facts alleged in the counterclaim were substantially the same as those in the affirmative defense. However, the Marshes added two allegations regarding the wavy floors and improperly installed plumbing and prayed for total damages of $19,237.50.

On November 8, 1991, the Marshes initiated cause No. 91—LA—471 by filing a complaint nearly identical to the counterclaim and a notice of motion for November 14 for their motion to consolidate the two causes. Nellessen moved to dismiss the complaint because another action involving the same facts was already being litigated. (See Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(3).) On November 14, the court dismissed the action and denied the motion to consolidate. On November 26, the trial court denied the Marshes' motion to reconsider, and they filed a notice of appeal on December 16.

The Marshes also moved to reconsider the denial of the counterclaim in the original cause, No. 90—LM—251. The trial court denied the motion on November 18 and found there was no just cause to delay enforcement or appeal of the order. The Marshes filed a notice of appeal on December 16.

We have jurisdiction under Supreme Court Rule 301 (134 Ill. 2d R. 301) regarding the dismissal of the cause of action in No. 91—LA—471 and under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) regarding the denial of the counterclaim in cause No. 90—LM—251. We subsequently granted the Marshes' motion to consolidate the appeals.

The Marshes contend the trial courts abused their discretion by denying them leave to file a counterclaim and by dismissing their collateral complaint. Section 2—608 of the Code of Civil Procedure (Code) provides:

"(a) Any claim by one or more defendants against one or more plaintiffs, or against one or more codefendants, whether in the nature of setoff, recoupment, cross claim or otherwise, and whether in tort or contract, for liquidated or unliquidated damages, or for other relief, may be pleaded as a cross claim in any action, and when so pleaded shall be called a counterclaim.

(b) The counterclaim shall be a part of the answer, and shall be designated as a counterclaim. Service of process on parties already before the court is not necessary." Ill. Rev. Stat. 1991, ch. 110, par. 2—608.

■ Section 2—608 gives a defendant discretion whether to file the counterclaim by permitting a party to plead the claim either in a separate action or as a counterclaim. (*Bartsch v. Gordon N. Plumb, Inc.* (1985), 138 Ill. App. 3d 188, 200.) Section 2—608 does not require a defendant to assert immediately his rights by way of a counterclaim if it would be inconvenient or strategically inadvisable to do so or where the full extent of the damages was not known earlier. (*Kennedy v. First National Bank* (1985), 129 Ill. App. 3d 633, 636.) The allegations did not involve contribution, which must be raised in a counterclaim to a pending action. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196.) Thus, the Marshes should not have been precluded from filing an action based on their claim that Nellessen failed to perform adequately.

■ In addition, section 2—616 of the Code provides for the liberal amendment of pleadings:

"(a) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross claim." (Ill. Rev. Stat. 1991, ch. 110, par. 2—616.)

A trial court has broad discretion to allow amendments and supplements to pleadings. The court may consider whether the amendment would further the ends of justice; the ultimate efficacy of the claim; and the previous opportunities to assert it. (*Healy v. Bearco Management, Inc.* (1991), 216 Ill. App. 3d 945, 960.) The court should consider the timeliness of the amendment and whether other parties have been prejudiced or surprised. 216 Ill. App. 3d at 960; see *People ex*

*rel. Foreman v. Village of Round Lake Park* (1988), 171 Ill. App. 3d 443, 447-48.

■■ The Code is to be construed liberally. (Ill. Rev. Stat. 1991, ch. 110, par. 1—106; *Patsis v. Zion-Benton Township High School, No. 126* (1992), 234 Ill. App. 3d 232, 238.) The purpose of the Code is to provide substantial justice and a resolution on the merits rather than to impose procedural hurdles to litigation. (*Patsis*, 234 Ill. App. 3d at 238.) The Marshes' counterclaim was substantially similar to the affirmative defenses. No party was surprised or prejudiced by the new claim. Theoretically, there was no difference between their affirmative defense and the counterclaim other than that the amount of damages in the counterclaim exceeded the amount in the plaintiff's prayer for relief, while in the affirmative defense the damages acted either as a setoff up to the amount of plaintiff's damages or to negate the main action as a whole by denying the plaintiff's due performance. Other than the addition of two factual allegations, only the amount of damages has changed in this case. Nellessen has shown no prejudice from the timing of the reassessment of the damages, and the Marshes' amendment was introduced prior to trial. In the case cited by Nellessen (*American Pharmaseal v. T E C Systems* (1987), 162 Ill. App. 3d 351, 359-61), the defendant did not assert its affirmative defense until after the plaintiff rested its case; here, Nellessen had notice, prior to the scheduled trial date, of the Marshes' factual claims as well as the theory underlying them. We believe that the trial court abused its discretion by denying the Marshes leave to amend their pleadings by filing the late counterclaim.

In addition, since the Marshes could have filed their claim in a collateral proceeding, the court could have consolidated the two proceedings and joined the claims. (Ill. Rev. Stat. 1991, ch. 110, pars. 2—1006, 2—614; see *Patsis*, 234 Ill. App. 3d at 238.) Judicial economy would be served by allowing the counterclaim, thus avoiding the duplicative step of filing a new complaint and more hearings before another judge.

Nellessen, however, raises Supreme Court Rule 89 (134 Ill. 2d R. 89), which states:

> "Discovery may be conducted in accordance with established rules and shall be completed prior to the hearing in arbitration. No discovery shall be permitted after the hearing, except upon leave of court and good cause shown."

This rule provides that parties should not use the arbitration proceeding merely as an opportunity to discover the adversary's case en route to the eventual trial. (134 Ill. 2d R. 89, Committee Comments.)

Rule 89 does not prohibit the filing of new claims. By negative implication the rule permits the filing of new claims. The parties may ask leave of the court to pursue more discovery for a good cause, such as when a new claim is pleaded or when the full extent of the damage is not known at the time the answer was filed (see *Kennedy*, 129 Ill. App. 3d at 636). If Nellessen has been prejudiced by the Marshes' amendment after the arbitration hearing, the trial court may permit more discovery or may bar those elements of the counterclaim which were not disclosed prior to the arbitration hearing and which should have been disclosed. (See 134 Ill. 2d R. 219(c).) In other words, the trial court should remedy any prejudice that might arise as a result of the arbitration while respecting the Marshes' rights to add claims pursuant to section 2—616.

For the above reasons, the orders of the circuit court of McHenry County are reversed, and the causes are remanded for further proceedings.

No. 2—91—1429, Reversed and remanded.
No. 2—91—1468, Reversed and remanded.

UNVERZAGT and WOODWARD, JJ., concur.