*In re* ESTATE OF JOHN H. WIESE, Deceased (Glen Wiese *et al.*, Petitioners-Appellees, v. Laurie Wiese, Adm'r, Respondent-Appellant).

Third District   No. 3—88—0210

Opinion filed January 30, 1989.

Louis E. Olivero & Associates, of Peru (Kathy Olivero, of counsel), for appellant.

Louis L. Bertrand, of Anthony C. Raccuglia & Associates, of Peru (Cynthia Raccuglia, of counsel), for appellees.

JUSTICE BARRY delivered the opinion of the court:

Laurie Wiese, the administrator of the estate of John H. Wiese, deceased, appeals from an order of the circuit court of La Salle County dividing the proceeds of a wrongful death settlement between herself as surviving spouse and the four adult children of the decedent.

Decedent was divorced by his first wife, Mary Lou Wiese, in 1961, and she was awarded custody of the couple's four children. Decedent married Laurie Wiese in 1974. In 1979 decedent was killed in Cook County, Illinois, when a load of plastic piping on his flatbed truck shifted and fell on him as he was working on or near the truck.

Decedent died without a will, and Laurie Wiese was appointed administrator of his estate. The only asset in the estate was a wrongful death cause of action filed in Cook County which was settled in 1986 for $520,000. Following the settlement agreement, the circuit court of Cook County entered an order directing that $162,589.72 of the proceeds be paid to the administrator's attorneys and that $40,000 be paid to satisfy the workers' compensation lien. The remaining $317,410.28 was directed to be distributed by the administrator upon a "finding of dependence."

The four adult children of decedent then filed a petition in the probate proceeding in La Salle County requesting distribution of the settlement in proportion to the dependency among them and the surviving spouse. The evidence at trial indicated that decedent had maintained contact with each of his children throughout their lives, that he had often visited with them at his first wife's home after the divorce, that each of the adult children spent time with decedent on at least a weekly basis, that each child had lived with decedent for a few months at one time or another, and that decedent and his sons did a number of activities together, such as target shooting, working on trucks, helping on home improvement projects, and other social contacts.

Decedent rarely gave his children financial help, other than an occasional gift, and his income was much less than that of his wife (Laurie) during the last year of his life. Laurie Wiese presented no evidence of dependence, but rather chose to rely upon a presumption of

the dependency of the surviving spouse. The trial court awarded 56% of the settlement proceeds to Laurie Wiese, 12% to each of the sons, and 10% to each daughter.

On appeal Laurie Wiese contends that the trial court erred in finding the adult children of decedent to have been dependent upon their father without any showing of financial dependence.

■ The Wrongful Death Act (Ill. Rev. Stat. 1985, ch. 70, par. 2) provides for a damage award that is "a fair and just compensation with reference to the pecuniary injuries resulting from such death." The statute also provides, in the case of an agreed settlement, the court is to apportion the settlement according to "the percentage of dependency" of the surviving spouse and next of kin of the decedent.

■ The phrase "pecuniary injuries" has been interpreted to include loss of society and companionship in addition to loss of financial support. In *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228, parents were held to be able to recover for the loss of the society of their minor child, and in so holding, the supreme court recognized a presumption of pecuniary injury to the parents in the loss of a minor child's society. That presumption was extended to include the loss of society of a child who has reached his majority in *Ballweg v. City of Springfield* (1986), 114 Ill. 2d 107, 499 N.E.2d 1373.

Laurie Wiese argues that those cases governing the scope of damages in wrongful death cases do not control the apportionment of settlement proceeds which must be distributed upon the basis of dependency. We do not agree.

■ This court has held that the distribution of wrongful death settlement proceeds should be determined on the basis of proportionate percentages of dependency, including loss of society, where the claimants were the surviving spouse and the decedent's adult children by a prior marriage. *In re Estate of Keeling* (1985), 133 Ill. App. 3d 226, 478 N.E.2d 871.

■ In *Keeling* we declined to decide whether there was a presumption of loss of society since, in that case as in the one before us now, the children presented extensive evidence of the companionship, love, advice, and other elements establishing "loss of society." Again, we need not invoke a presumption of dependency. Actual dependency was established by the testimony of the four children, decedent's widow, and his first wife.

Laurie Wiese seeks to distinguish *Keeling* on the ground that there was also evidence of financial dependency in that case. Plainly the decision in *Keeling* did not predicate recovery for "loss of society" upon a financial loss, but rather recognized each type of loss as a sep-

arate element of damages in wrongful death cases. In the case at bar, we expressly hold that an adult child is entitled to a proportionate share of the wrongful death proceeds based upon loss of society regardless of financial dependence upon the deceased parent.

It is also argued that wrongful death proceeds should be distributed on the same basis as workers' compensation proceeds. However, the Workers' Compensation Act expressly requires proof of dependency upon the earnings of the decedent. (Ill. Rev. Stat. 1985, ch. 48, pars. 138.7(b) through (d).) Wrongful death proceeds are distributed on a different basis than workers' compensation benefits because of different statutory provisions.

We conclude that the trial court did not err in determining the legal principles applicable to its finding of dependency on the part of the four children of decedent.

Laurie Wiese further contends that the trial court's finding was contrary to the manifest weight of the evidence. Where a decision is left to the trial judge's discretion, a reviewing court will disturb that decision only when there has been an abuse of discretion. (*In re Estate of Flake* (1985), 137 Ill. App. 3d 535, 484 N.E.2d 1243.) The evidence before the court in this case demonstrated the continuing contact decedent's children had had with him throughout their lives. It would be impossible to say that the trial court abused its discretion in finding some loss of society on the part of each of the four children. We note that the percentage awarded to each child was not large and reflected the differences in decedent's activities involving his sons and daughters.

The parties to this appeal argue about the applicability of presumptions of pecuniary injuries in this case, and the trial court stated that there was such a presumption. Those comments, however, are irrelevant to this appeal where the evidence established loss of society and dependency without resort to a presumption.

Another error claimed by Laurie Wiese was the trial court's refusal to admit evidence of decedent's life expectancy to establish the financial loss of the parties resulting from his death. Since dependency here was not based upon proof of financial loss, either on her part or the part of the children, such tables would not have been relevant. The trial court did not err in its ruling.

Finally, Laurie Wiese contends that the decision of the arbitrator on her claim under the Workers' Compensation Act is *res judicata* as to the question of the children's dependency on decedent. According to the record, the arbitrator ruled that the widow was eligible for workers' compensation benefits as a surviving spouse and deter-

mined the amount of those benefits. There was no dependency question raised, and decedent's children were not parties to the claim.

Although *res judicata* does apply to decisions of the Industrial Commission in workers' compensation cases, it can be invoked only where the issues and parties are identical. (*Rhodes v. St. Charles Manufacturing Co.* (1986), 149 Ill. App. 3d 821, 500 N.E.2d 1107.) Here, both the issues and parties are different. *Res judicata* is not a bar to the decision of the trial court in this case.

We affirm the judgment of the circuit court of La Salle County.

Affirmed.

STOUDER, P.J., and HEIPLE, J., concur.