(No. 69766.—

DENNIS R. MIZELL, Appellant, v. THOMAS C. PASSO, M.D., Appellee.

· *Opinion filed March 19, 1992.*

CLARK, J., joined by BILANDIC and FREEMAN, JJ., specially concurring.

James A. Martinkus, of Erwin, Martinkus, Cole & Ansel, of Champaign, for appellant.

Richard F. Record, Jr., and Richard C. Hayden, of Craig & Craig, of Mattoon, and Todd M. Tennant and Mark D. Henss, of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee.

JUSTICE CUNNINGHAM delivered the opinion of the court:

On May 27, 1988, plaintiff, Dennis R. Mizell, filed a healing art malpractice action in the circuit court of Vermilion County against defendant, Thomas C. Passo, M.D. Attached to the complaint was an affidavit of plaintiff's attorney stating that plaintiff had been unable to obtain the written report of a reviewing health professional as required by section 2—622(a)(1) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(1)).

On July 11, 1988, plaintiff filed a motion to waive the section 2—622 requirement. In his motion, plaintiff requested that the court relieve him from complying with section 2—622 or, in the alternative, allow him to procure the required affidavit within 90 days of the date of denial of the motion. At the same time, plaintiff sent a notice of hearing for August 19, 1988, and a notice of deposition of defendant to take place on August 24, 1988.

On August 15, 1988, defendant filed a motion for protective order, requesting that the court stay discovery until plaintiff complied with section 2—622. Defendant also sent a notice of hearing for August 19, 1988. On August 18, 1988, defendant filed a response to plaintiff's motion to waive section 2—622, maintaining that the affidavit and report requirements of section 2—622 are mandatory and cannot be waived.

On August 19, 1988, the parties appeared at the hearing as scheduled. The docket entry made at that time indicates that the court denied plaintiff's motion to waive section 2—622, but allowed an additional 90 days to procure the report. The court also entered an order staying discovery until plaintiff filed the report.

On November 18, 1988, plaintiff filed a motion for continuance to obtain a written report to attach to the affidavit demonstrating that plaintiff's attorney had consulted with a reviewing health professional about plaintiff's case. Plaintiff, however, did not request a hearing on the motion at that time.

On February 15, 1989, defendant filed a motion for judgment and sent a notice of hearing on that motion, showing that a hearing was scheduled on February 22, 1989. In that motion, defendant prayed for relief based on plaintiff's failure to comply with section 2—622. A revised notice of hearing on the motion was sent by defendant, rescheduling the hearing on defendant's motion for March 14, 1989.

On March 10, 1989, plaintiff sent a notice of hearing for March 14, 1989, on plaintiff's motion for a continuance to obtain a written report to attach to the affidavit.

On March 14, 1989, plaintiff's attorney filed a second affidavit in which he stated that he had spoken with a reviewing health professional who was willing and able to provide a written report. Also on March 14, plaintiff filed a written motion for voluntary dismissal pursuant to section 2—1009 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009).

At the March 14, 1989, hearing, the court initially stated that the hearing concerned defendant's motion for judgment. Plaintiff then called to the court's attention the notice for hearing on the motion for a continuance to obtain a written report to attach to the affidavit, and asked that this motion be heard first. Defendant objected

to hearing plaintiff's motion, citing Rule IV of the Uniform Rules of Practice Governing Civil Cases of the Fifth Judicial Circuit of Illinois (Rules of Practice of the Circuit Court, Fifth Judicial Circuit, Rule IV, at 7-9 (1977)) (Rule IV). Defendant argued that plaintiff violated Rule IV by failing to give defendant sufficient notice of the hearing and by failing to call the motion for a hearing within 90 days of its being filed. Plaintiff responded to this objection by stating that if the court did not elect to hear his motion for a continuance, he would ask the court to hear his motion for voluntary dismissal pursuant to section 2—1009 of the Code.

The court decided to hear arguments on plaintiff's motion for a continuance to obtain a written report, and the motion was denied. Plaintiff then tendered his motion for voluntary dismissal. Defendant's attorneys requested a short recess so that they could read the motion and consult with each other. Defendant objected on the following grounds: (1) that Rule IV had been violated, (2) that section 2—1009 of the Code had been violated as there had been no tender of costs, and (3) that under *Gibellina v. Handley* (1989), 127 Ill. 2d 122, defendant's motion for judgment must be heard prior to plaintiff's motion for voluntary dismissal.

The trial court allowed plaintiff's motion to voluntarily dismiss upon the payment of costs. The court's written order of May 9, 1989, stated in part:

> "The Court finds that the Motion for Judgment is not a Motion for Summary Judgment as was the case in the causes before the Court in *Gibellina*.
>
> The Court exercises its discretion to decline to hear the Motion for Judgment prior to the Plaintiff's Motion for Voluntary Dismissal. The Court finds that *Gibellina*, which was a Summary Judgment case, does not mandate that the Court must proceed to hearing on such a Motion but allows the trial Court to hear such a Motion if in the Court's discretion it is appropriate."

On appeal, defendant asserted that the trial court committed reversible error when it failed to follow the requirements of *Gibellina*. The appellate court majority stated that upon review of the record, it was not clear that the trial court understood that it had discretion to hear defendant's previously filed motion for judgment before hearing plaintiff's motion for voluntary dismissal. Stressing the importance that the trial court adequately understand its discretionary authority, the panel vacated the trial court's order granting plaintiff's motion for voluntary dismissal and remanded for further proceedings. The majority stated that on remand, the trial court should take into account the concerns underlying *Gibellina* as it exercised its discretion in choosing which motion to hear first. 192 Ill. App. 3d 435.

In dissent, Justice McCullough stated that the trial court did exercise its discretion in granting plaintiff's motion for voluntary dismissal and, thus, he did not see sufficient justification for reversing the trial court. 192 Ill. App. 3d at 442-43 (McCullough, J., dissenting).

Plaintiff's petition for leave to appeal to this court was allowed pursuant to Rule 315 (134 Ill. 2d R. 315).

We agree with the appellate court dissent and hold that the trial court did exercise its discretion as indicated in its order of May 9, 1989.

The crux of this appeal is the interpretation of *Gibellina v. Handley* (1989), 127 Ill. 2d 122. The appellate court correctly indicated that in *Gibellina* this court found it necessary to modify its previous constructions of the voluntary dismissal statute (section 2—1009 of the Code) because of abuses in the use of that statute. The appellate court further stated correctly that in *Gibellina* this court made clear it did not intend to limit a plaintiff's unfettered right to voluntarily dismiss prior to the filing of a dispositive motion by defendant, but empha-

sized that an increasing number of plaintiffs were using section 2—1009 motions to avoid potential decisions on the "merits" of their cases. Thus, the appellate court stated, this court held that the trial court *had the discretion* to decide whether to hear a previously filed dispositive motion.

The appellate court is correct in its evaluation of *Gibellina*, wherein the court stated:

"[T]he trial court may hear and decide a motion which has been filed *prior to* a section 2—1009 motion when that motion, if favorably ruled on by the court, could result in a final disposition of the case." (Emphasis in original.) *Gibellina*, 127 Ill. 2d at 138.

By use of the permissive language "may hear," this court did indeed intend to give the trial court the discretion to hear and rule upon a motion that could dispose of the case prior to hearing a plaintiff's voluntary dismissal motion. By endowing the trial court with such discretion, the court intended to strike a balance between the legislative grant to plaintiffs of an "unfettered right to voluntarily dismiss" and the abuse which that unfettered right has engendered from some plaintiffs.

In *Gibellina*, this court did not establish a set of guidelines detailing when a plaintiff has abused the process such that a trial court is compelled to hear and allow a dispositive defense motion, nor did this court indicate what motions are potentially dispositive. Rather, the court intentionally left such matters to the discretion of the trial court and did not intend to tamper with that discretion unless it can be shown that the trial court has abused its discretion. *Schoon v. Hill* (1990), 207 Ill. App. 3d 601; *In re Estate of Wiese* (1989), 178 Ill. App. 3d 938.

An abuse of discretion occurs where the court's decision is against the manifest weight of the evidence such that no reasonable person could take the view adopted

by the trial court. (*Jefco Laboratories, Inc. v. Carroo* (1985), 136 Ill. App. 3d 793; *In re Marriage of Petrovich* (1987), 154 Ill. App. 3d 881.) Plaintiff's attorney had filed a second affidavit in which he stated that he had spoken with a reviewing health professional who was willing and able to provide a written report, but the health professional had not yet done so. It was reasonable for the trial court to have decided not to allow the motion for continuance because of plaintiff's previous delay in not obtaining the written report. A reasonable trial court could also have decided to force the plaintiff to use his unfettered right to a voluntary dismissal in order to pursue his claim, in light of the previous delays. Another possibility is that the trial court saw the absent report as a procedural requirement which should not entitle the plaintiff to unending delay but should also not be used to prevent the plaintiff from having his "day in court." There are very likely other reasonable possibilities. In this case, the trial court did not act unreasonably and, hence, we do not find an abuse of discretion.

The appellate court indicated that upon reviewing the record, it was not clear that the trial court understood its discretion under *Gibellina*. (192 Ill. App. 3d at 441.) At the March 14, 1989, hearing, the trial court stated the following:

> "This Court will allow the motion for voluntary dismissal to be heard, based upon the fact that this is not a motion for summary judgment. I don't believe that the intent of the Supreme Court was to deny an opportunity for full discovery, and essentially a full opportunity to produce all of the facts. If this were a motion for summary judgment, I would follow *Gibellina* to the letter and not allow a motion for voluntary dismissal. I will, under these circumstances, on the basis of the motion for judgment ***."

Admittedly, these statements by the trial court could be interpreted as the appellate court interpreted them—that the trial court thought that the dispositive motion had to be a summary judgment motion, as it was in *Gibellina*, which was clearly not the case. Rather than speculate on the meaning of the court's somewhat ambiguous statements at the March 14, 1989, hearing, we rely on the court's written order of May 9, 1989, for guidance:

> "The Court finds that the Motion for Judgment is not a Motion for Summary Judgment as was the case in the causes before the Court in *Gibellina*.
>
> The Court exercises its discretion to decline to hear the Motion for Judgment prior to the Plaintiff's Motion for Voluntary Dismissal. The Court finds that *Gibellina*, which was a Summary Judgment case, does not mandate that the Court must proceed to hearing on such a Motion but allows the trial Court to hear such a Motion if in the Court's discretion it is appropriate."

From the above language, the only possible confusion one could point to on the part of the trial court is that it may have thought *Gibellina* mandated a hearing on a summary judgment motion prior to hearing a motion for voluntary dismissal. However, to conclude that the trial court did not understand it had discretion when it used the phrase "exercises its discretion" is, we believe, error. The trial court clearly understood it had discretion in the case at hand. Furthermore, we are not convinced that the trial court thought it did not have discretion regarding a motion for summary judgment under *Gibellina*. It may well be that the trial court was simply indicating that it would have viewed the plaintiff's delay in a different light had a valid summary judgment motion been involved and, in such a case, may have exercised its discretion differently.

The appellate court relied on *People v. Queen* (1974), 56 Ill. 2d 560, to support its position regarding the trial court's exercise of discretion. Such reliance is misplaced. *Queen* indicates that error is committed when a trial court refuses to exercise discretion due to the incorrect belief that it has no discretion as to the question presented. (*Queen*, 56 Ill. 2d at 565, citing *People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan* (1964), 30 Ill. 2d 178.) Here, the trial court did not refuse to exercise its discretion and *Queen* is thus inapposite.

Defendant also argues that the plaintiff failed to comply with the section 2—1009 provisions requiring notice and payment of costs. Plaintiff filed his motion for voluntary dismissal immediately after his motion for continuance was denied and, therefore, without notice. While we agree defendant should have been notified of plaintiff's voluntary dismissal motion prior to the court's ruling thereon, we do not see that the defendant was prejudiced by the trial judge's decision to hear the motion at that time. While in no way condoning plaintiff's lack of notice, we note from the record that plaintiff's attorney stated he did mention to defendant's attorneys that he would be tendering a motion for voluntary dismissal in the event the court denied his motion for continuance.

Since the trial judge had the discretion to hear the motion for voluntary dismissal prior to the defendant's motion for judgment, the alternative to hearing plaintiff's motion *instanter* would have been to set both motions for a later date, thereby inconveniencing all parties. We further note that although defendant did object to the court's hearing plaintiff's section 2—1009 motion, he did not request a continuance to allow him more time to prepare. Defendant was given a short recess to prepare and was thereafter allowed to present his argument against the motion. Thus, we fail to see that defendant was prejudiced in this case. Similarly, with regard to

payment of costs, since plaintiff agreed to pay the costs and the trial court's order included a provision for plaintiff to pay defendant's costs upon presentation of same, we find no prejudice to the defendant.

We reiterate that under *Gibellina*, only a showing that the trial court abused its discretion to hear and decide a potentially dispositive motion prior to a section 2—1009 motion will be grounds for reversing the trial court judgment. Accordingly, the judgment of the circuit court of Vermilion County is affirmed, and the judgment of the appellate court is reversed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE CLARK, specially concurring:

I write this special concurrence not to disagree with my colleague Justice Cunningham's interpretation of *Gibellina v. Handley* (1989), 127 Ill. 2d 122, which I authored, but to again express my strong belief that section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—622) is unconstitutional.

As the majority opinion aptly notes, "the crux of this appeal" is the interpretation of *Gibellina*. (See 147 Ill. 2d at 424.) The majority opinion correctly holds that in *Gibellina*, this court intended to give the trial court *the discretion* to hear and decide a motion which has been filed prior to a section 2—1009 motion for voluntary dismissal when that motion, if favorably ruled on by the court, could result in a final disposition of the case. See *Gibellina*, 127 Ill. 2d at 138.

Nonetheless, section 2—622 is also involved in this appeal, for it is plaintiff's failure to comply with that code section which ultimately provoked the *Gibellina* issue. Consequently, I feel I must reiterate my conviction that section 2—622 is unconstitutional in that it violates the separation of powers clause of the Illinois Constitu-

tion (Ill. Const. 1970, art. II, §1). See *DeLuna v. St. Elizabeth's Hospital* (1992), 147 Ill. 2d 57 (Clark, J., dissenting); *McAlister v. Schick* (1992), 147 Ill. 2d 84 (Clark, J., joined by Bilandic and Freeman, JJ., dissenting).

JUSTICES BILANDIC and FREEMAN join in this special concurrence.